# Sharkey, Appellant, *v.* Locke.

*Equity—Fraud—Findings of fact.*

On a bill in equity for discovery and an account where the. plaintiff charges fraud, but the court finds from practically undisputed testimony that there was no fraud or concealment by the defendants, the findings will not be set aside by the appellate court in the absence of manifest error.

Argued Feb. 8, 1909.   Appeal, No. 210, Jan. T., 1908, by plaintiffs, from decree of C. P. Delaware Co., Dec. T., 1905, No. 140, dismissing bill in equity in case of Daniel A. Sharkey et al. v. W. Ellwood Locke and Charles I. Cronin, individually and trading as Locke & Cronin.   Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for discovery and an account.   Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*W. Roger Fronefield,* for appellants.

*V. Gilpin Robinson,* for appellees.

PER CURIAM, March 1, 1909:

This bill was for discovery and an account by parties alleged to have been agents for the plaintiffs in the sale of land and to have acted fraudulently.   The material allegations in the bill are that the defendants were employed as agents to sell land owned ·by the plaintiffs; that they represented to the plaintiffs that they had·sold ·the land to Foley and procured a conveyance to him when in fact they had sold to Crothers for a much larger price; that Foley, who immediately conveyed to Crothers, was used as a "straw man" to conceal the real transaction.

It was found by the court that these allegations were not

sustained and that there had been no fraud or concealment by the defendants. Findings of fact by the court will not be set aside except for manifest error. The findings in this case rest on testimony that was practically undisputed. All that was shown was that there were circumstances which, unexplained, might give rise to a suspicion of wrong. These were explained to the full satisfaction of the court.

The decree is affirmed at the cost of the appellant